**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Ronald Westmoreland,** | ) | **CASE NO. 1:08 CV 2581** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Deborah L. Sutherland, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendants' Motion to Adopt Findings of Arbitrator and to Convert Motions to Dismiss to Motion for Summary Judgment (Doc. 19). This is a First Amendment case. For the reasons that follow, defendants' request to convert the motions is DENIED. The Court will treat Defendant's Motion to Adopt Findings of Arbitrator as a motion for summary judgment. The motion is DENIED.

**FACTS**

Plaintiff filed this lawsuit asserting a violation of his First Amendment rights as a result of actions taken by his employer in response to comments made by plaintiff. Defendants filed a

1

motion to dismiss this matter.  Thereafter, plaintiff filed an amended complaint and defendants filed a second motion to dismiss.  In the meantime, the Court became aware of the fact that the parties were in the process of arbitrating their dispute pursuant to a collective bargaining agreement.  In that the result of that process may have rendered this lawsuit unnecessary, the Court stayed these proceedings pending the outcome of the arbitration.  Recently, the arbitrator issued a decision favorable to defendants.  Defendants moved the Court to reopen this matter and the Court granted the motion.  Defendants now ask the Court to convert their motions to dismiss to a motion for summary judgment and adopt the arbitrator's findings.  Plaintiff opposes the motion.

**ANALYSIS**

As an initial matter, the Court will DENY defendants' request to convert the motions to dismiss into a motion for summary judgment.  Defendants fail to attach any evidentiary material relevant to the motions to dismiss.  Thus, conversion is not warranted.[1]  This Court will treat plaintiff's Motion to Adopt Findings of Arbitrator as a motion for summary judgment and, accordingly, will consider the arbitrator's decision and the various documents attached to the motion and related briefs.

In the motion, defendants argue that the arbitrator fully addressed plaintiff's First Amendment claim and, as such, the arbitrator's decision is "final."  Specifically, defendants argue that plaintiff is collaterally estopped from attacking the arbitrator's decision.  In response, plaintiff argues that the constitutional issues should be litigated in federal court, not in

---

[1] The Court will address the remaining pending motions in a separate Order.

2

arbitration.

Upon review, the Court finds that the motion must be denied. Although not cited by any party, the Supreme Court and Sixth Circuit have expressly held that a federal court cannot apply the doctrines of res judicata and collateral estoppel to an arbitration award made pursuant to a collective bargaining agreement where the party is asserting a claim pursuant to Section 1983. *See, McDonald v. City of West Branch*, 466 U.S. 284 (1984)(litigant alleging violation of First Amendment after arbitrator upheld grievance was not bound by arbitrator's decision); *Bromley v. Michigan Ed. Association-NEA*, 82 F.3d 686 (6th Cir. 1996). Based on this well-settled law, defendants' motion must be DENIED.

## **CONCLUSION**

Defendants' Motion to Adopt Findings of Arbitrator and to Convert Motions to Dismiss to Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/9/09