**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Ron Westmoreland,** | ) | **CASE NO. 1:08 CV 2581** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Deborah Sutherland, et al.** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

### INTRODUCTION

This matter is before the Court upon defendant City of Bay Village's Partial Motion to Dismiss Count II of Plaintiff's First Amended Complaint (Doc. 26) and defendant Deborah L. Sutherland's Partial Motion to Dismiss Count II of Plaintiff's First Amended Complaint (Doc. 27). This is a First Amendment and Fourteenth Amendment dispute. For the following reasons, defendants' motions are GRANTED.

### FACTS

Plaintiff, Ron Westmoreland, a Bay Village fire fighter, brings this action against defendants, the City of Bay Village (hereinafter "defendant Bay Village") and the mayor of Bay

1

Village, Deborah Sutherland (hereinafter "defendant Sutherland"). He alleges that defendants violated his civil rights when defendant Sutherland suspended him from his job for three tours[1] without pay following his comments to the Bay Village City Council at a public meeting.

Plaintiff has been employed by the Bay Village Fire Department for more than 16 years. A collective bargaining agreement (CBA) exists between defendant Bay Village and plaintiff's union. During plaintiff's tenure as a fire fighter, he also served as a trainer for the Fire Department's dive rescue team until the dive rescue team was eliminated from Bay Village's budget in May 2008. In late summer of 2008, a seven-year-old boy drowned at Huntington Beach in Bay Village. Plaintiff was in charge of the crew that responded when the report was received that a child was missing under water. Plaintiff had no dive team or dive gear available for the rescue. The responding crew found the child approximately one hour later. The child could not be revived.

Plaintiff alleges that he was asked to speak about the matter to the Bay Village City Council,[2] and he addressed the City Council and defendant Sutherland on September 15, 2008. Defendant Sutherland served plaintiff with a Notice of Discipline on October 10, 2008, citing plaintiff's comments to the City Council as the reason for discipline, stating that his comments were insulting and unsupported by facts, and suspending plaintiff for three tours of duty. Plaintiff appealed his suspension and defendant Sutherland held an appeal hearing on October 22, 2008.

---

[1] Bay Village fire fighters work in periods of tours rather than days. One tour is twenty-four hours.

[2] It is unclear who asked plaintiff to speak to the Council.

Attached to the Notice of Discipline plaintiff received on October 10 was a document entitled Employee Rights.  Seven rights are listed under the subheading "Rights."  Right number four (hereinafter as the plaintiff states "Rule Four") states as follows:  "The [Mayor] will report his/her decision within 5 working days following the close of the hearing."  Defendants allege, and plaintiff does not dispute, that the CBA provides that the Mayor has 15 days following the close of the appeal hearing to report his or her decision.  Plaintiff attempted to invoke Rule Four at his appeal hearing.  Defendant Sutherland told plaintiff at the hearing that she thought she was allowed 10 days to report her decision, and defendant Sutherland and the law director attempted to determine whether she was allowed 10 days or 15 days.  Defendant Sutherland subsequently reported her decision to uphold plaintiff's suspension on November 5, 2008.  Plaintiff invoked his right under the CBA to submit a grievance regarding the three-tour suspension to binding arbitration on November 13, 2009.  The arbitration hearing was held March 31, 2009.

Prior to defendant Sutherland reporting her decision to uphold the suspension, plaintiff filed this suit against defendants on October 31, 2008 and amended the complaint on December 1, 2008.  The complaint contains two claims for relief under 42 U.S.C. § 1983.  Count one is a claim for a violation of plaintiff's First Amendment freedom of speech rights.  Count two is a claim for a violation of plaintiff's Fourteenth Amendment due process rights in which plaintiff alleges that the Employee Rights document and the CBA are two separate systems of discipline.  The existence of these two separate systems, plaintiff alleges, violates plaintiff's right to substantive and procedural due process.

Defendants now move to dismiss count two of the complaint, arguing that plaintiff's suspension is *de minimis* as a matter of law and that plaintiff was afforded more than adequate

3

due process. Defendant Sutherland further argues that she is entitled to qualified immunity from plaintiff's due process claim. Plaintiff opposes the motion.

### STANDARD OF REVIEW

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445, at *1 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256, at *3 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997)). "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank,* 2009 WL 1811915, at *3 (6th Cir. June 25, 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).

### ANALYSIS

#### A. Procedural Due Process

The Fourteenth Amendment's Due Process Clause prohibits states from depriving any person of life, liberty, or property without due process of law. *U.S. Const. amend. XIV*.

Procedural due process requires that prior to a state terminating a protected interest, the state must give notice and an opportunity for a hearing. *Club Italia Soccer & Sports Org., Inc., v. Charter Twp. of Shelby, Mich.,* 470 F.3d 286 (6th Cir. 2006).  Due process of law, however, does not guarantee any specific type of procedure. *Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 610 (1974).  Instead, "due process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge,* 424 U.S. 319, 334 (1976) (internal quotations omitted). *See also Neinast v. Bd. of Tr. of Columbus Metro. Library,* 346 F.3d 585, 597 (6th Cir. 2003).

Plaintiff claims that defendants deprived him of a property interest, his job and income as a Bay Village fire fighter, for three tours.  He alleges the deprivation was unlawful because defendants maintained two sets of disciplinary rules– the Employee Rights document that provides for a decision on an appeal by the Mayor within five working days, and the CBA that provides for a decision within 15 days.  The parties do not dispute whether plaintiff has a protected interest,[3] thus the Court assumes a protected interest exists.

Defendants argue that plaintiff received more than adequate due process because defendants gave him written notice of the suspension and provided him with the chance to be

---

[3] The United States Supreme Court has not yet addressed whether the Due Process Clause extends to a public employee's suspension. *Gilbert v. Homar,* 520 U.S. 924, 928-928 (1997) ("Although we have previously held that public employees who can be discharged only for cause have a constitutionally protected property interest in their tenure and cannot be fired without due process . . . we have not had occasion to decide whether the protections of the Due Process Clause extend to discipline of tenured public employees short of termination.  Petitioners, however, do not contest this preliminary point, and so without deciding it we will, like the District Court, 'assum[e] that the suspension infringed a protected property interest.'"(internal citations omitted)). *See also Mack v. Holcomb*, 446 F. Supp. 2d 777, 783 (N.D. Ohio 2006) ("Defendants do not challenge whether Mack has a property interest. Accordingly, this court assumes a protectable property interest exists.").

heard at the appeal hearing, provided him with written notice of the appeal decision, and plaintiff availed himself of the binding arbitration provisions set forth in the CBA.

Plaintiff does not respond directly to defendants' arguments that plaintiff received the procedural due process to which he was entitled, but instead argues that certain factual issues relating to defendants' "dual discipline system" make dismissal inappropriate. He additionally argues in his opposition to defendant Sutherland's qualified immunity claim that Rule Four creates a due process right to a determination of his appeal in accordance with that right.

Upon review, the Court finds that plaintiff does not state a claim for denial of procedural due process. Plaintiff received the procedural due process to which he was constitutionally entitled. The complaint, construed in the light most favorable to plaintiff, states that he received written notice of the discipline and was granted the opportunity to be heard at the appeal hearing. Plaintiff's opposition brief further states that he subsequently invoked his right under the CBA to engage in arbitration with defendants. In this particular situation, the Constitution demands nothing more for due process. *See Baar v. Jefferson County Bd. of Ed.,* 311 Fed. Appx. 817, 825 (6th Cir. 2009) (finding no due process violation where plaintiff received written notice, school board conducted an investigation, plaintiff was given the opportunity to respond to findings, and plaintiff's grievance was reviewed in arbitration). Plaintiff received far more than notice and an opportunity to be heard.

Plaintiff's argument opposing defendant Sutherland's qualified immunity states: "If Rule 4 didn't exist, [plaintiff] could hardly argue he was deprived of a process at city hall because none existed. But due process does exist and it exists because [defendant] Sutherland created it." This argument fundamentally misstates the nature of the Fourteenth Amendment's due process

6

requirement, which does not guarantee any particular form of process. *Mitchell,* 416 U.S. at 610. Defendants' failure to abide by Rule Four, even assuming it was applicable, does not establish a claim that defendants denied plaintiff procedural due process. *See Neinast,* 346 F.3d at 597 (defendants' failure to follow library's eviction procedure by itself did not establish denial of due process). The facts as stated in count two of the complaint regarding the alleged two systems of discipline at most relate to a contractual dispute between plaintiff and his employer. Accordingly, count two does not state a procedural due process claim.[4]

### B. Substantive Due Process

The Fourteenth Amendment's Due Process Clause has a substantive due process component that "protects specific fundamental rights of individual freedom and liberty from deprivation at the hands of arbitrary and capricious government action." *Sutton v. Cleveland Bd. of Ed.,* 958 F.2d 1339, 1350 (6th Cir. 1992) (internal quotations omitted). Substantive due process protects only those interests "so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Charles v. Baesler,* 910 F.2d 1349, 1353 (6th Cir. 1990) (citing *Michael H. v. Gerald D.,* 491 U.S. 110 (1989)). An "arbitrary and capricious" action is one that shocks the conscience. *Bowers v. City of Flint,* 325 F.3d 758, 763 (6th Cir. 2003) (citing *County of Sacramento v. Lewis,* 523 U.S. 833 (1998)).

Plaintiff claims that defendants arbitrarily and capriciously denied him the right to

---

[4] Defendants argue that plaintiff's procedural due process rights were not violated because his three-tour suspension is *de minimis* as a matter of federal law. Plaintiff responds that his suspension was not *de minimis* as a matter of law because a three-tour suspension is actually the equivalent of a nine-day suspension, given that a tour is 24 hours. The Court will not address whether the nature of the suspension was *de minimis*. There are simply not enough facts in the complaint to address this on a Motion to Dismiss.

certainty of resolution and/or appeal of his dispute, to reasonable expectations of process, and to finality, because defendants maintained two sets of disciplinary rules.

Defendants argue that plaintiff's substantive due process rights were not violated because the harm he alleges he suffered– defendant Sutherland announcing her decision on the appeal of his suspension within 15 days instead of within 5 days– does not implicate a fundamental right. Plaintiff does not respond to defendants' arguments.

Upon review, the Court finds that plaintiff does not state a claim for a substantive due process violation.  Assuming for purposes of the motion to dismiss that plaintiff has rights under the Employee Rights document, such rights arose out of his contract with defendants.  The document itself states:  "You have been served with a Notice of Discipline.  Under the labor contract you have rights as listed below."  The document goes on to enumerate several rights, some of which plaintiff alleges are inconsistent with the CBA and thus create "two sets of disciplinary rules."  The Sixth Circuit has consistently held that contract rights of public employees are not protected by substantive due process.  *Hange v. City of Mansfield,* 257 Fed. Appx. 887, 896 (6th Cir. 2007) (fire fighter's "right to enjoy the grievance procedure outlined in the CBA and his right to termination for cause are simply not so vital that 'neither liberty nor justice would exist if [they] were sacrificed'"(quoting *Charles,* 910 F.2d at 1353)); *Sutton,* 958 F.2d at 1350-51 (finding that a public employee's state-created right to tenured employment lacks substantive due process protection because the "substantive Due Process Clause is not concerned with the garden variety issues of common law contract"); *Charles,* 910 F.2d at 1352 (concluding that fire fighter's right to a promotion had no substantive due process protection). As in *Hange,* any right plaintiff may have under the Employee Rights document does not rise to

8

the level of a fundamental right and is thus not protected by substantive due process. Moreover, that a small discrepancy exists between the time allotted for the defendant Sutherland's decision under the Employee Rights document and under the CBA does not shock the conscience. Accordingly, count two fails to state a claim for substantive due process.

### C. Qualified Immunity

Defendant Sutherland additionally argues that count two should be dismissed against her because she is entitled to qualified immunity for her actions. Government officials performing discretionary actions are shielded from civil liability so long as those actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have been aware. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The test for qualified immunity is two-fold: "(1) whether considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." *Haynes v. City of Circleville,* 474 F.3d 357, 362 (6th Cir. 2007) (quoting *Saucier v. Katz,* 533 U.S. 194, 201 (2001)). Once a government official raises the defense of qualified immunity, the burden is on the plaintiff to prove the official is not entitled to immunity. *Id.*

For the reasons set forth in Sections A and B of this Memorandum, plaintiff cannot show that his constitutional rights have been violated and therefore his argument fails the second prong of the qualified immunity analysis as well. *Id.* Accordingly, count two of the complaint is dismissed.

### **CONCLUSION**

For the foregoing reasons, defendant City of Bay Village's Partial Motion to Dismiss Count II of Plaintiff's First Amended Complaint and defendant Deborah L. Sutherland's Partial

Motion to Dismiss Count II of Plaintiff's First Amended Complaint are GRANTED.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/24/09